[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13069
Non-Argument Calendar

_____

D. C. Docket No. 07-00055-CR-JOF-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL JOEL MCPHERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 29, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Gabriel Joel McPherson appeals his 37-month sentence imposed after he

pled guilty to one count of escaping from a federal institution in violation of 18 U.S.C. § 751(a). McPherson argues that the district court imposed a substantively unreasonable sentence because it failed to consider the nonviolent nature of the offense and McPherson's self-surrender. Additionally, McPherson argues that the district court failed to explain why a 37-month sentence was necessary, in light of the fact that a person escaping from a more secure facility would get the same sentence. For the reasons set forth below, we affirm.

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.'" *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006) (quoting *United States v. Thomas*, 446 F.3d 1348, 1349 (11th Cir. 2006)). This reasonableness standard is deferential. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The Supreme Court recently clarified this standard as a review for abuse of discretion. *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. *Id.* at 597. Only the substantive reasonableness of McPherson's sentence is at issue here.

Substantive reasonableness involves inquiring whether the court abused its discretion in determining that the statutory factors in 18 U.S.C. § 3553(a) support

2

the sentence in question. *Id.* at 597, 600. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). Section 3553(a) also requires the sentencing court to consider the nature and circumstances of the offense, the Guidelines range, and the need to avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(1), (4),(6). Finally, the challenging party has the burden of establishing that the sentence is unreasonable. *United States v. Bohannon*, 476 F.3d 1246, 1253 (11th Cir.), *cert. denied*, — U.S. —, 127 S. Ct. 2953, 168 L. Ed. 2d 277 (2007).

We conclude that the district court did not abuse its discretion in sentencing McPherson to 37-months' imprisonment. McPherson's Guidelines range was calculated as 37–46 months. The district court addressed the factors and concerns in § 3553(a), and McPherson has failed to show how the sentence is higher than necessary to achieve the goals of §3553(a)(2). Consequently, McPherson has failed to meet his burden of showing that the sentence is outside the range of

3

reasonableness.  Accordingly, we affirm his sentence of 37-months' imprisonment.

**AFFIRMED**.